**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **TAMAM, ET AL.,**<br>**Plaintiffs,**<br><br>**vs.**<br><br>**FRANSABANK, ET AL.,**<br>**Defendants.** | **CASE NO. 08-CV-6156 (JFK)**<br><br>**MEMORANDUM OF LAW OF DEFENDANT MIDDLE EAST AND AFRICA BANK IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

I. Introduction.

Middle East and Africa Bank ("MEAB") hereby moves the Court to enter an Order dismissing the Complaint pursuant to Fed. R. Civ. P. 12(b)(2). As grounds therefore, the defendant argues that the Complaint fails, on its face, to show that this Court can lawfully exercise personal jurisdiction over MEAB. [1]

II. The Allegations in the Complaint.

The Complaint describes a series of actions allegedly undertaken in Lebanon and Israel by the terrorist organization known as Hizbullah, which actions allegedly caused the death of the plaintiffs in this case. (Complaint ¶ 11) There are no allegations, nor could there be, that any action taken by MEAB directly caused any death or injury to anyone in the United States or anywhere else. Instead, the Complaint merely sets forth conclusory allegations that each of the defendants, either individually or allegedly in concert with others, "conspired with and aided and abetted the terrorist organization Hizbullah by providing it with banking services." (Complaint ¶

[1] MEAB also hereby adopts any and all motions filed by any of the co-defendants in this matter.

2) The Complaint alleges that by providing banking services to entities alleged to be affiliated with Hizbullah, MEAB and the other defendants "substantially assisted Hizbullah's systematic, murderous attacks against innocent civilians ...violated the law of nations in derogation of the Alien Tort Claims Act ("ATCA") 28 U.S.C. § 1350, and was both the cause in fact and proximate cause of the direct and indirect injuries suffered by each plaintiff." (Complaint ¶ 4)

Beyond the sweeping general allegations and factually unsupported statements in the Complaint, however, is an absolute paucity of specific factual allegations against MEAB.[2] Indeed, there are only two distinct allegations in the Complaint where MEAB is identified by name. First, in ¶ 41, MEAB is identified as having five bank locations in Lebanon and a corresponding banking relationship with Wachovia Bank. Next, in ¶ 77, the plaintiffs allege that MEAB maintains one specific account that is allegedly an account that was used to collect and distribute funds for the military branch of Hizbullah. There is no allegation that the listed account was ever linked in any way to any actions taken by MEAB in New York or anywhere else in the United States or anywhere in the world. There is no allegation that the identified account, or any other, related to the Wachovia Bank relationship was used to collect or distribute

---

[2] The Plaintiffs' reliance on general and conclusory allegations that Middle East and Africa Bank supported international terrorism cannot save this Complaint from dismissal. As this Court is well aware, these conclusory allegations alone cannot survive a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. In re Terrorist Attacks on September 11, 2001, 349 F. Supp.2d 765, 833 (S.D.N.Y. 2005)("Terrorist Attacks I"). Plaintiffs' reliance on these conclusory allegations is even more troubling because due to "the extreme nature of the charges of terrorism, fairness requires extra-careful scrutiny of Plaintiff's allegations as to any particular defendant." *Id.* at 831 (quoting Burnett v. Al Baraka, 274 F. Supp.2d 86, 103-104 (D.D.C. 2003)("Burnett II")). This is especially true here where the plaintiffs, non-citizens of the United States, seek to hale into Court a banking company with no ties to this jurisdiction for actions allegedly undertaken thousands of miles away in a foreign land.

funds for the military branch of Hizbullah.[3] In fact, there is no allegation that ties MEAB's relationship with Wachovia Bank to any act identified in the Complaint.

III. This Court Lacks Personal Jurisdiction over Middle East and Africa Bank.

The plaintiffs bear the burden of establishing personal jurisdiction over the defendant MEAB. See In re Terrorist Attacks on Sept. 11, 2001, 349 F. Supp.2d 765, 804 (S.D.N.Y. 2005). To survive a motion to dismiss, a plaintiff must make a *prima facie* showing of facts sufficient to support a finding of personal jurisdiction. See id. at 809. "Conclusory, non-fact-specific allegations" are insufficient to establish jurisdiction. Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 184-185 (2nd Cir. 1998); see also Lehigh Valley Indus., Inc. v. Birenbaum, 389 F. Supp. 798 (S.D.N.Y. 1975), aff'd, 527 F.2d 87 (2nd Cir. 1975). Courts may "construe jurisdictional allegations liberally and take as true uncontroverted factual allegations," but "will not draw 'argumentative inferences' in the plaintiff's favor." Mende v. Milestone Tech. Inc., 269 F. Supp.2d 246, 251 (S.D.N.Y. 2003); see also In re Sept. 11 Attacks, 349 F. Supp.2d at 804.. In addition, due process requires that a plaintiff allege facts showing that a defendant has at least "minimum contacts [with the forum]...such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., 241 F.3d 135, 152 (2nd Cir. 2001) (quoting Calder v. Jones, 465 U.S. 783, 788 (1984) (internal quotations omitted)).

A. MEAB Has Not Transacted Business in New York.

In determining whether the Court can exercise personal jurisdiction over MEAB, the

---

[3] MEAB recognizes that these allegations must be taken as true for purposes of this motion. MEAB denies in all regards that it has ever assisted any terrorist organization at any time and in any manner.

Court must look to the law of the State of New York. Kronisch v. United States, 150 F.3d 112 (2nd Cir. 1998). Because there is no allegation in the Complaint that any injuries were suffered by any of the plaintiffs in New York, or even in the United States, the Court must look to the "transacting business" prong of the New York long arm statute to determine if it can exercise personal jurisdiction over MEAB. That statute, CPLR 302(a)(1), provides for the exercise of personal jurisdiction when a defendant "transacts any business in the state or contracts anywhere to supply goods or services in the state." To determine the existence of jurisdiction under CPLR 302 (a)(1), a court must decide (1) whether the defendant transacts any business in New York and (2) whether the stated cause of action arises from such a transaction. Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246 (2nd Cir. 2007), citing Deutsche Bank Sec. Inc. v. Montana Bd. of Invs., 7 N.Y.3d 65, 71 (2006). Courts look to the "totality of the defendant's activities within the forum to determine whether a defendant has transacted business in such a way that it constitutes purposeful activity." Sterling Nat'l Bank & Trust Co. of N.Y. v. Fidelity Mortgage Investors, 510 F.2d 870, 873 (2nd Cir. 1975) And, the cause of action must arise from the business transaction that is relied upon to invoke personal jurisdiction. "A connection that is 'merely coincidental' is insufficient to support jurisdiction." Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., 450 F.3d 100, 103 (2nd Cir. 2006).

This Court must dismiss Plaintiffs' lawsuit against MEAB because Plaintiffs have failed to plead any nexus between MEAB and the United States, much less a nexus between MEAB's alleged business in New York and the injuries alleged in the Complaint. Indeed, other than the fact that MEAB has a corresponding banking relationship with Wachovia Bank, Plaintiffs do not allege that MEAB has any business contacts with the State of New York or anywhere in the

United States. As a matter of fact, the allegations in the Complaint disclose precisely the opposite.

According to the allegations in the Complaint, MEAB is a bank operating in Lebanon. (Complaint¶ 41) There is no allegation that MEAB is or has never been, domiciled, organized or incorporated in any form in the United States. There is no allegation that MEAB has ever been licensed or registered to do business in the United States. There is no allegation MEAB has ever solicited or accepted business within the United States. There is no allegation that MEAB has any branch or office in the United States. There is no allegation that MEAB has ever advertised in the United States. There is no allegation that MEAB owns or leases any real property in the United States. And, there is no allegation that MEAB has ever transacted any business whatsoever in the United States.

Thus, in support of the claim that this Court can exercise personal jurisdiction, Plaintiffs allege only a correspondent banking relationship between MEAB and Wachovia Bank. Even this allegation provides no basis for the exercise of personal jurisdiction over MEAB. Courts have repeatedly found that a "correspondent bank relationship between a foreign bank and a New York financial institution does not provide sufficient grounds to exercise personal jurisdiction over a foreign bank." Semi Conductor Materials v. Citibank Int'l PLC, 969 F. Supp. 243, 246 (S.D.N.Y. 1997) (cited in Terror Attacks I, 349 F. Supp.2d at 819). This Court has recognized that a correspondent relationship with a U.S. based bank, absent additional allegations that are lacking as to MEAB, does not satisfy due process requirements and requires dismissal. Terror Attacks I, 349 F. Supp. 2d at 820. See also Leema Enterprises, Inc. v. Willi, 575 F. Supp. 1533, 1537 (S.D.N.Y. 1983)("What is left, thus, is the bank's mere maintenance of correspondent bank

accounts to facilitate international financial transaction or money transfers. This is not enough to confer this court with personal jurisdiction over the defendant, especially where, as here, the accounts are unrelated to the fraud alleged.") As such, this Court cannot exercise personal jurisdiction over MEAB.

B. No Other Theory of Law Provides for the Exercise of Personal Jurisdiction.

The plaintiffs further rely upon Fed . R. Civ. P. 4 (k) in their effort to establish personal jurisdiction over MEAB. That effort too must fail. To establish general jurisdiction under C.P.L.R. § 301, a plaintiff must allege that, as a result of a defendant's contacts with New York, the defendant is "engaged in a continuous and systematic course of 'doing business'... to warrant a finding of its 'presence' in this jurisdiction." See Reers v. Deutsche Bahn AG, 320 F. Supp.2d 140, 149 (S.D.N.Y. 2004) (citations omitted). When long-arm jurisdiction is based upon contacts with the nation as a whole, a plaintiff must also demonstrate minimum contacts. Terror Attacks I, 349 F. Supp. 2d at 808. Similarly, when a federal claim is made against a foreign defendant not subject to jurisdiction in any state, '[p]ersonal jurisdiction based on Rule 4(k) requires minimum contacts with the United States to satisfy Fifth Amendment due process requirements." Id. at 807, 811. Under that standard "a considerably higher level of contacts is generally required" to plead general jurisdiction. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984). This Complaint fails in all respects to show sufficient contacts to warrant the exercise of personal jurisdiction over MEAB under either of these tests.

In addition, to satisfy due process, plaintiff must properly allege some tortious act by a defendant and allege facts showing that said defendant "expressly aimed" such a tortious act at the forum. Calder, 465 U.S. at 789; Terror Attacks I, 349 F. Supp.2d at 816 (granting motion to

dismiss because plaintiffs must "allege personal acts by [the defendant] by which he purposefully directed his activities at the United States.") Moreover, a foreign defendant may be subject to personal jurisdiction only where it "has good reason" to know that its conduct will have a "direct" effect in the forum. See Leasco Data Processing Equip. Corp. v. Maxwell, 468 F.2d 1326, 1341 (2nd Cir. 1972) (exercise of personal jurisdiction based upon alleged effects in New York "must be applied with caution, particularly in an international context"); S.E.C. v. Unifund SAL, 910 F.2d 1028, 1033 (2nd Cir. 1990). As demonstrated below, plaintiffs' allegations fall far short of satisfying any of these jurisdictional requirements. There is no allegation that MEAB ever purposefully availed itself of the right to transact business in New York and thus would have no reason to believe it would be subject to the jurisdiction of this Court.

C. Plaintiffs Have Not Alleged That Middle East and Africa Bank "Purposefully Directed" Any Act Toward The United States.

In the absence of continuous and substantial contacts giving rise to general personal jurisdiction, plaintiffs must allege that Middle East and Africa Bank had minimum contacts with the United States that satisfy the due process requirements of specific personal jurisdiction. Specific jurisdiction will be established over a foreign defendant "if the defendant has 'purposefully directed' his activities at the residents of the forum and the litigation results from alleged injuries which 'arise out of or relate to' those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (quoting Keeton, 465 U.S. at 774 and Helicopteros, 466 U.S. at 414). Only in those circumstances will a defendant have "fair warning that a particular activity may subject [him] to the jurisdiction of a foreign sovereign." Shaffer v. Heitner, 433 U.S. 186, 218 (1977). Nothing in this Complaint would justify the exercise of personal

jurisdiction on those grounds as none of the actions taken by MEAB indicate that it had fair warning that it would be subject to the jurisdiction of this Court.

IV. Conclusion.

This Court should grant this motion as there is no legal or factual basis upon which this Court can exercise personal jurisdiction over this defendant. The allegations in this Complaint allege actions taken by terrorists in the Middle East with no corresponding allegation that MEAB did anything that contributed to those actions. Importantly, there is no connection whatsoever between the jurisdiction of this Court and the acts alleged in this Complaint. It is for that reason that the plaintiffs cannot allege and do not allege any business connection between MEAB and the United States much less the State of New York.

In closing, it simply offends traditional notions of due process to suggest that MEAB should have to defend itself in this Court in a case where there are no witnesses, injuries, or actions taken by anyone in this District. For this reason, personal jurisdiction cannot be established in this matter and this case should be dismissed.

**MIDDLE EAST AND AFRICA BANK**
By Counsel

Edward B. MacMahon, Jr.
1307 New Hampshire Ave., NW
Second Floor
Washington, DC 20036
(202) 775-1307
(202) 775-1309 (facsimile)
Pro Hac Vice Pending
ebmjr@verizon.net

Joshua L. Dratel
Law Offices of Joshua L. Dratel, P.C.
2 Wall Street, 3rd Floor
New York, NY 10005
(212) 732-0707
(212) 571-3792
jdratel@joshuadratel.com

**Certificate of Service**

I hereby certify that on the 26th day of November, 2008, a true copy of the following was sent via Federal Express Overnight Delivery to the following:

Aaron Schlanger, Esquire; Ari Ungar, Esquire; Gary M. Osen, Esquire; Joshua David Glatter, Esquire; Samuel Miles Meriowitz, Esquire
Osen LLC
700 Kinderkamack Road
Oradell, NJ 07649
Attorneys for Plaintiffs

Jonathan D. Siegfried, Esquire
Lawrence S. Hirsh, Esquire
DEWEY & LEBOEUF, LLP
1301 Avenue of the Americas
New York, NY 10016
Attorneys for Defendants Fransabank SAL
and Banque Libanaise Pour Le Commerce

Tai H. Park, Esquire
Shearman & Sterling, LLP
599 Lexington Avenue
New York, NY 10022
Counsel for Bank of Beirut Sal

Christopher J. Houpt, Esquire
Mark G. Hanchet, Esquire
Mayer Brown
1675 Broadway, # 19
New York, NY 10019
Counsel for Banque Libano-Francaise Sal

Edward B. MacMahon, Jr.